UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LANA ARONNE, individually and on behalf
of a class of similarly situated individuals,

      Plaintiff,

vs.

VENGROFF WILLIAMS, INC., a Florida
corporation,

      Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.    Plaintiff Lana Aronne brings this action to secure redress from the unlawful collection practices engaged in by Defendant Vengroff Williams, Inc.

2.    Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"). The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. See 15 U.S.C. § 1692e.

3.    The use of any false, deceptive, or misleading representation or means in connection with the collection of any debt establishes a concrete injury for purposes of Article III standing. See Bautz v. ARS Nat. Services, Inc., 226 F. Supp. 3d 131, 145 (E.D.N.Y. 2016).

4.    The FDCPA is a strict liability statute which provides for actual or statutory damages upon the showing of a single violation. See Bentley v Great Lakes Collection Bureau, 6 F.3d 60, 62-63 (2d Cir. 1993).

5. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

6. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D. Ill. 2008).

7. The FDCPA enlists the efforts of sophisticated consumers ... as "private attorneys general" to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others. *Graff v. United Collection Bureau, Inc.*, 132 F. Supp. 3d 470, 480 (E.D.N.Y. 2016) (citations omitted).

8. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. § 1692 et seq.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."), 28 U.S.C. § 1337 ("The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce ..."), and 15 U.S.C. §1692k (An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court

without regard to the amount in controversy, ...").

10.  Venue is proper in this judicial district because a substantial part of the events or omissions giving rise to the claim occurred here. 28 U.S.C. § 1391(b) ("A civil action may be brought in— (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, ...").

## PARTIES

11.  Lana Aronne ("Plaintiff") is a natural person and resident of Massapequa, New York. Massapequa is located in Nassau County.

12.  Lana Aronne, as further described herein, is a consumer as defined by 15 U.S.C. § 1692a(3).

13.  Vengroff Williams, Inc. ("Defendant") is a Florida corporation whose principal place of business is 2211 Fruitville Road, Sarasota, FL 34237, and whose registered agent for service of process in the State of New York is Northwest Registered Agent, LLC, 90 State Street, Suite 700, Office 40, Albany, NY 12207.

14.  Vengroff Williams, Inc., through the mailing of debt collection letters, regularly attempts to collect "debt" as that term is defined by 15 U.S.C. § 1692a(5).

15.  Vengroff Williams, Inc. is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

16.  On or about June 4, 2018, Defendant mailed a debt collection letter to Plaintiff at her home in Massapequa, New York. [Exhibit A].

17.  The debt collection letter purported to inform Plaintiff that Defendant had been retained to collect a debt allegedly owed to ProHealth Medical Management. The letter

also identified ProHealth Medical Management as Plaintiff's "creditor."

18. Plaintiff, however, had no prior business dealings with ProHealth Medical Management and never incurred a debt to ProHealth Medical Management.

19. Upon submitting a timely dispute and request for verification pursuant to 15 U.S.C. § 1692g(b), Defendant subsequently provided Plaintiff with information confirming that the alleged debt which Defendant was attempting to collect was actually the result of a transaction between Plaintiff and one of her medical providers and not with ProHealth Medical Management.

20. ProHealth Medical Management is not, and has never been Plaintiff's "creditor," i.e. the entity to whom the debt is owed.

## COUNT I – FDCPA – CLASS CLAIMS

21. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

22. "Section 1692g(a) orders the debt collector to send a written notice, within five days of its initial communication with the consumer," containing various information about the debt and the consumer's rights. *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 90 (2d Cir. 2008) (citing 15 U.S.C. §§ 1692g(a)(1)-(2)). Section 1692g(a) requires that the debt collector's written notice contain:

(1) the amount of the debt;

(2) ***the name of the creditor to whom the debt is owed***;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the

consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

*Hooks v. Forman, Holt, Eliades & Ravin, LLC*, 717 F.3d 282, 284 (2d Cir. 2013) (quoting 15 U.S.C. § 1692g(a)) (emphasis added).

23. By alleging that ProHealth Medical Management was Plaintiff's creditor, Defendant falsely represented the name of Plaintiff's creditor.

24. By failing to clearly disclose the name of "the creditor to whom the debt is owed," Defendant's debt collection letter violated the FDCPA.

25. Specifically, Defendant violated § 1692g(a)(2) by falsely stating the creditor was ProHealth Medical Management, and § 1692e by using a false, deceptive, or misleading representation in connection with its efforts to collect the debt.

## CLASS ALLEGATIONS

26. Plaintiff brings this claim on behalf of a class, pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

27. The class consists of: (a) natural persons in the State of New York; (b) who were sent one or more letters in the form represented by *Exhibit A* (c); identifying ProHealth Medical Management as a "creditor" (d); which letter was sent on or after a date one year prior to the filing of this action, up through and including twenty-one days after the filing of this action.

28. The identity of the class members can be readily ascertained through a review of Defendant's business records.

29. The Second Circuit has determined that numerosity may be presumed with as

few as 40 potential class members. *Leone v. Ashwood Fin., Inc.*, 257 F.R.D. 343, 351 (E.D.N.Y. 2009) (citing *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995)). On information and belief, based on the volume of Defendants' operations and the use of form documents, the class exceeds 40, and is so numerous that joinder of all members is impracticable.

30. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether **Exhibit A** violates the FDCPA by: (1) engaging in false, deceptive, or misleading representation or means in connection with the collection of any debt.

31. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

32. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

33. A class action is superior to other alternative methods of adjudicating this dispute, because: (a) individual cases are not economically feasible; (b) consumers may not realize that their rights are violated, and; (c) Congress intended class actions as a principal means of enforcing the FDCPA.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in their favor and in that of the Class, and against Defendant for:

    a. Statutory damages;

    b. Attorney's fees, litigation expenses and costs of suit;

c.	Such other or further relief as the Court deems proper.

Dated: Uniondale, New York
	August 21, 2018

										*[signature]*
										Abraham Kleinman
										KLEINMAN LLC
										626 RXR Plaza
										Uniondale, NY 11556-0626
										(516) 522-2621
										(888) 522-1692 (fax)
										akleinman@akleinmanllc.com

c. Such other or further relief as the Court deems proper.

Dated: Uniondale, New York
August 21, 2018

Abraham Kleinman
KLEINMAN LLC
626 RXR Plaza
Uniondale, NY 11556-0626
(516) 522-2621
(888) 522-1692 (fax)
akleinman@akleinmanllc.com



**EXHIBIT "A"**

Vengroff Williams, Inc.
P.O. Box 4155
Sarasota, FL 34230

Phone: (844) 588-8071
Fax: (941) 363-5300
Se habla español

| CLIENT | |
|---|---|
| PROHEALTH MEDICAL MANAGEMENT | |
| ACCOUNT # | REFERENCE # |
| 118▇▇▇ | 914▇▇▇ |
| DATE | BALANCE DUE |
| June 04, 2018 | $53.35 |

MDG2018 00002817 01



Lana Aronne
▇▇▇▇▇▇▇ Rd
▇▇▇▇▇▇▇▇▇

As an alternative to mailing payment you may pay online or over the phone:

Pay online at www.payvw.com or by phone at 877-682-6141

Enter 9146▇▇▇▇ as your User ID and 54▇▇▇▇ as your Password.

## VALIDATION NOTICE

Dear Lana Aronne

We have been engaged by the above creditor who requested that we contact you to give you an opportunity to resolve this matter regarding your above-referenced account. As of **June 04, 2018 PROHEALTH MEDICAL MANAGEMENT** has not yet received the past due amount of **$53.35**.

We realize this amount due could be an oversight on your part and not a willful disregard of an apparent obligation. If you have already sent your payment, please contact our office to facilitate an immediate update of your account. We may also be reached via phone at: **(844) 588-8071**.

Unless, within thirty days after your receipt of this notice, you dispute the validity of the debt or any portion thereof, we will assume the debt to be valid. If, within thirty days after your receipt of this notice, you notify us in writing that the debt or any portion thereof is disputed, we will obtain verification of the debt or a copy of a judgment, if any, and we will mail to you a copy of such verification or judgment. If the original creditor is different from the creditor named above, then upon your written request within thirty days after the receipt of this notice we will provide you with the name and address of the original creditor.

Sincerely,

Resolution Specialist

"This company is a collection agency attempting to collect a debt and any information obtained will be used for that purpose. Our demand for payment does not affect your right to dispute this debt."

SEE REVERSE SIDE FOR IMPORTANT DISCLOSURE INFORMATION



SEPARATE AND RETURN WITH YOUR PAYMENT

CLIENT:        PROHEALTH MEDICAL MANAGEMENT
ACCOUNT #:    118▇▇▇
CONTROL #:    914▇▇▇
AMOUNT DUE:   $53.35

**PAYMENT OPTIONS:**
1. Mail your check or money order with this Coupon
2. Pay online at www.payvw.com or by phone at 877-682-6141
   Enter **91460485** as your User ID and **549429** as your Password
3. Call our office at **(844) 588-8071** to setup payment arrangements

| IN ORDER TO PROCESS MORE EFFICENTLY, PLEASE FILL IN THE FOLLOWING INFORMATION: | | |
|---|---|---|
| NAME: | | |
| ADDRESS: | | |
| CITY: | STATE: | ZIP: |
| TELEPHONE: | | |



Vengroff Williams, Inc.
P.O. Box 4155
Sarasota FL 34230

9D1 ver. 1

IMPORTANT DISCLOSURE INFORMATION:

Please understand this is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose. Calls to and/or from this company may be monitored or recorded.

HOURS OF OPERATION: Monday – Friday: 8:00 AM – 8:00PM Eastern Time
MAIL PAYMENTS TO: P.O. Box 4155, Sarasota, FL 34230-4155
MAIL CORRESPONDENCE BUT NO PAYMENTS TO: Business address at 2211 Fruitville RD Sarasota, FL 34237

Electronic Payment Authorization. By (1) calling Vengroff Williams, Inc. at 1-800-238-9655 or taking a call from us; (2) specifying the amounts and dates of payments you would like to make; (3) identifying the deposit account of yours you wish to use for making payments; and (4) providing Authorization over the phone, in writing, by check or electronically, you authorize us to initiate payments from your account in the amounts and on the dates that you specify. You also authorize us to resubmit any unsuccessful payment or correct any erroneous payment. You understand that your bank may charge a fee for any unsuccessful payment and that we have no liability for any such fee. You may cancel this Authorization by calling us toll free at 1-800-238-9655 at least three business days before you wish the cancellation to be effective.

We are required under State and Federal law to notify consumers of the following rights. This list does not contain a complete list of the rights consumer have under state and federal law:

IF YOU ARE ENTITLED TO THE PROTECTIONS OF THE U.S. BANKRUPTCY CODE: This letter is for informational and verification purposes only. This is not a demand for payment nor an attempt to collect, assess or recover a claim against you. If you have filed for bankruptcy protection, please notify us in writing and provide your case number and the Court in which your case in pending.

IF YOU LIVE IN CALIFORNIA, THIS APPLIES TO YOU: The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov. Nonprofit credit counseling services may be available in the area. As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

IF YOU LIVE IN COLORADO, THIS APPLIES TO YOU: For information about the Colorado Fair Debt Collection Practices Act, see WWW.COAG.GOV/CAR. A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt. Vengroff Williams, Inc. has a Colorado office with the following address and telephone number: 717 17th St, Ste 2300, Denver, CO 80202. Telephone number: 303-830-0075. **Only physical in-person payments may be accepted at this office location. All payments made via mail should be sent to the following address:** P.O. Box 4155, Sarasota, FL 34230-4155

IF YOU LIVE IN MASSACHUSETTS, THIS APPLIES TO YOU: NOTICE OF IMPORTANT RIGHTS: You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten days unless you provide written confirmation of the request postmarked or delivered within seven days of such request. You may terminate this request by writing to Vengroff Williams, Inc.

IF YOU LIVE IN MINNESOTA, THIS APPLIES TO YOU: This collection agency is licensed by the Minnesota Department of Commerce.

IF YOU LIVE IN NEVADA, THIS APPLIES TO YOU: If the consumer pays or agrees to pay the debt or any portion of the debt, the payment or agreement to pay may be construed as: (1) an acknowledgment of the debt by the consumer; and (2) a waiver by the consumer of any applicable statute of limitations set forth in NRS 11.190 that otherwise precludes the collection of the debt; and (3) if the consumer does not understand or has questions concerning his/her legal rights or obligations relating to the debt, the debtor should seek legal advice.

IF YOU LIVE IN NEW YORK, THIS APPLIES TO YOU: Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C § 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to: (i) the use or threat of violence; (ii) the use of obscene or profane language; and (iii) repeated phone calls made with the intent to annoy, abuse, or harass. If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt: 1. Supplemental security income, (SSI); 2. Social Security; 3. Public assistance (welfare); 4. Spousal support, maintenance (alimony) or child support; 5. Unemployment benefits; 6. Disability benefits; 7. Workers' compensation benefits; 8. Public or private pensions; 9. Veterans' benefits; 10. Federal student loans, federal student grants, and federal work study funds; and 11. Ninety percent of your wages or salary earned in the last sixty days.

IF YOU LIVE IN NEW YORK CITY, THIS APPLIES TO YOU: New York City Department of Consumer Affairs License Number 1420687.

IF YOU LIVE IN NORTH CAROLINA, THIS APPLIES TO YOU: North Carolina Department of Insurance Permit number 107752, 111874.

IF YOU LIVE IN TENNESSEE, THIS APPLIES TO YOU: This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.

IF YOU LIVE IN UTAH, THIS APPLIES TO YOU: As required by Utah law, you are hereby notified that a negative report on your credit record may be submitted to a credit reporting agency if you fail to meet the terms of your credit obligations.